# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GPS OF NEW JERSEY MDPC,<br><br>Plaintiff,<br><br>-against-<br><br>DELOITTE LLP GROUP INSURANCE PLAN,<br><br>Defendant. | Index No.:<br><br><br>**COMPLAINT** |

Plaintiff GPS of New Jersey MDPC ("Plaintiff"), on assignment of Veeren K., by and through its attorneys Halkovich Law, LLC, by way of Complaint against Deloitte LLP Group Insurance Plan ("Defendant"), alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff is a medical practice with a principal place of business at 1806 Highway 35, Oakhurst, NJ 07755.

2.      Defendant is an employer-based group health insurance plan.

3.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). The insurance plan at issue is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. The administrative remedies have been exhausted.

## FACTUAL BACKGROUND

4.      This dispute arises from Defendant's failure to properly reimburse Plaintiff for medical services provided to Defendant's beneficiary, Veeren K. ("Patient.").

5.      On September 10, 2020, Plaintiff performed emergency surgery on Patient who presented to the emergency room of JFK Medical Center in Edison, New Jersey after suffering a facial laceration. (*See*, **Exhibit A**, attached hereto.)

6.      At the time of his treatment, Patient was a beneficiary of Defendant.

7.      Patient assigned his health insurance rights and benefits to Plaintiff. (*See*, **Exhibit B**, attached hereto.)

8.      After treating Patient, Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant, via Defendant's claims administrator, seeking payment in the amount of $16,545.00. (*See*, **Exhibit C**, attached hereto.)

9.      Under the terms of Patient's insurance plan, "Emergency Care rendered by an Out-of-Network Provider [is] covered and reimbursed by the Plan at the In-Network level. The member is not required to pay more than would have been required for services from a Network Provider." (*See*, **Exhibit D**, attached hereto.)

10.     Thus, pursuant to the insurance plan terms, Defendant was obligated to provide full coverage for Plaintiff's out-of-network charges, less any cost-sharing that would apply had the treatment been performed by a network provider.

11.     Upon information and belief, no in-network cost-sharing would apply to the subject medical services. Therefore, under the insurance plan terms, Defendant was obligated to issue reimbursement at 100% of the associated out-of-network charges.

12.     However, in response to Plaintiff's HCFA, Defendant issued payment in the amount of only $1,319.10 and indicated that the remaining $15,225.90 was Patient's responsibility, in contravention of the explicit insurance plan terms.

13.     Plaintiff submitted multiple internal appeals challenging Defendant's reimbursement as inconsistent with the explicit terms of Patient's insurance plan.

14.     However, Defendant failed to issue additional reimbursement in response to Plaintiff's internal appeals.

15.     As such, Plaintiff has been damaged in the amount of $15,225.90.

16.     Accordingly, Plaintiff brings this action for recovery of the outstanding balance, and Defendant's breach of fiduciary duty.

## COUNT ONE

### FAILURE TO MAKE PAYMENTS PURSUANT TO MEMBER'S PLAN UNDER 29 U.S.C. § 1132(a)(1)(B)

17.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 16 of the Complaint as though fully set forth herein.

18.     Plaintiff avers this Count to the extent ERISA governs this dispute.

19.     Section 502(a)(1), codified at 29 U.S.C. § 1132(a) provides a cause of action for a beneficiary or participant seeking payment under a benefits plan.

20.     Plaintiff has standing to seek such relief based on the assignments of benefits obtained by Plaintiff from Patient.

21.     Upon information and belief, Defendant acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

22.     Plaintiff is entitled to recover benefits due to Patient under any applicable ERISA plan or policy.

23.     As a result, Plaintiff has been damaged and continues to suffer damages in the operation of its medical practice.

## COUNT TWO

### BREACH OF FIDUCIARY DUTY AND CO-FIDUCIARY DUTY UNDER 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105 (a)

24.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 23 of the Complaint as though fully set forth herein.

25.     29 U.S.C. § 1132(a)(3)(B) provides a cause of action by a participant, beneficiary, or fiduciary to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

26.     Plaintiff seeks redress for Defendant's breach of fiduciary duty and/or Defendant's breach of co-fiduciary duty under 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105 (a).

27.     29 U.S.C. § 1104(a)(1) imposes a "prudent man standard of care" on fiduciaries.

28.      Specifically, a fiduciary shall discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan; (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; (C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter. 29 U.S.C. § 1104(a)(1).

29.     29 U.S.C. § 1105(a) imposes liability for breaches of co-fiduciaries.

30.     Specifically, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances: (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1) ["prudent man standard of care] of this title in the

administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach. 29 U.S.C. § 1105(a).

31.     Here, when Defendant acted to partially deny payment for the medical bill at issue, and when they responded to the administrative appeals initiated by Plaintiff, they were clearly acting as a "fiduciary" as that term is defined by ERISA § 1002(21)(A) because, among other reasons, Defendant acted with discretionary authority or control to deny the payment and to manage the administration of the employee benefit plan at issue as described above.

32.     Here, Defendant breached its fiduciary duties by: (1) failing to issue an Adverse Benefit Determination in accordance with the requirements of ERISA and applicable regulations; (2) participating knowingly in, or knowingly undertaking to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (3) failing to make reasonable efforts under the circumstances to remedy the breach of such other fiduciary; and (4) wrongfully withholding money belonging to Plaintiff.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A.      For an Order directing Defendant to pay Plaintiff $15,225.90;

B.      For an Order directing Defendant to pay Plaintiff all benefits Patient  would be
         entitled to under their applicable insurance policy administered by Defendant;

C.      For compensatory damages and interest;

D.      For attorney's fees and costs of suit; and

E.      For such other and further relief as the Court may deem just and equitable.


Dated: New York, NY
        May 31, 2022

                                   HALKOVICH LAW, LLC
                                   *Attorneys for Plaintiff*


                        By:     /s/ Michael Gottlieb
                                Michael Gottlieb
                                226 Harristown Road, Suite 302
                                Glen Rock, NJ 07452
                                (551) 226-7473